**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT GONZALEZ SAENZ, | No. 19-15119 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05565-CRB |
| v. | |
| A. PELAYO, Officer, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted January 8, 2020[**]

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

California state prisoner Robert Gonzalez Saenz appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Guatay Christian*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We affirm.

The district court properly granted summary judgment for defendant Pelayo on Saenz's deliberate indifference claim on the basis of qualified immunity because it would not have been clear to every reasonable prison official that requiring Saenz to remain outside of his cell and perform his assigned work was unlawful under the circumstances. *See Plumhoff v. Rickard*, 572 U.S. 765, 778-79 (2014) (officials sued under § 1983 are entitled to qualified immunity unless they violated a right that was clearly established; "a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it").

The district court properly granted summary judgment for defendant Pelayo on Saenz's retaliation claim because Saenz failed to raise a genuine dispute of material fact as to whether Pelayo's alleged conduct did not reasonably advance a legitimate correctional goal. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("[A] successful retaliation claim requires a finding that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." (citation and internal quotation marks omitted)); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (explaining that "preserving institutional order and discipline" are

legitimate penological objectives).

We reject as meritless Saenz's contentions that the district court ignored "evidence of document tampering" and improperly relied on "sham declarations."

We do not consider documents not filed with the district court, *see United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990), or matters not specifically and distinctly raised and argued in the opening brief, *see Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

19-15119